# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

SCOTT WAYNE LANEY,

          Defendant.

No. 20-CR-3053-LTS-KEM

**REPORT AND
RECOMMENDATION**

_____

    Defendant Scott Wayne Laney moves to dismiss the indictments charging him with failing to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a).  Resolution of Laney's motion requires determining whether his prior state conviction makes him a tier I or tier III sex offender. Laney's tier classification hinges in turn on whether the categorical approach or circumstance-specific approach applies when comparing the defendant's prior conviction to abusive sexual contact under federal law, specifically with regard to the victim's age. Because I recommend following the only circuit to have ruled on this precise issue, in an opinion written by then-Judge Amy Coney Barrett, I recommend **granting** the motion to dismiss.  Doc. 28.


## I.    BACKGROUND

    On August 30, 1999, Laney was convicted of first degree criminal sexual conduct, in violation of Minnesota Statute section 609.342(1)(g).  His offense conduct involved inserting his finger into his eleven-month-old daughter's vagina while giving her a bath. The subsection of the statute that he pleaded guilty to, subsection (g), criminalized "sexual penetration with another person, or . . . sexual contact with a person under 13

years of age" when "the actor has a significant relationship to the complainant and the complainant was under 16 years of age at the time of the sexual penetration." **Minn. Stat. § 609.342(1)(g) (1998)**.[1]

Laney's Minnesota conviction required him to register as a sex offender under SORNA. The parties dispute whether Laney is a tier I offender required to register for fifteen years, or a tier III offender whose registration obligations continue for life.[2]

Laney first registered as a sex offender while in prison for his Minnesota offense, and he was released from prison on June 6, 2005. *See* Doc. 28-1 at 3; Doc. 29-6 at 2; Doc. 41 at 4. The Government does not dispute that Laney's registration period under SORNA began, at latest, on the date of his release from prison. *See* **34 U.S.C. §§ 20913(b), 20915(a)**.[3] Neither does the Government dispute that SORNA contains no tolling provision affecting the length of the registration period.[4] Thus, if SORNA

---

[1] The original indictment in this case stated that Laney had been convicted under subsection (h), but the parties agree (and the evidence establishes) that Laney was convicted under subsection (g). *See* Docs. 29-1 to 29-4. The Government obtained a superseding indictment reflecting this correction. *See* Docs. 36-37.

[2] The Government notes that Minnesota law required Laney to register for more than fifteen years. The Government does not argue, however, that Laney may be convicted under SORNA for a failure to follow state-law registration requirements. *See United States v. Red Tomahawk (Tomahawk II)*, No. 1:17-cr-106, 2018 WL 3077789, at *5 (D.N.D. June 20, 2018) (holding that "SORNA imposes an independent federal registration requirement that does not rely on or incorporate any state or tribal registration requirements" and dismissing indictment when defendant's registration period under SORNA had expired, even though the defendant lived on a reservation and tribal law imposed a longer registration period that had not yet expired).

[3] *See also United States v. Del Valle-Cruz*, 785 F.3d 48, 55 (1st Cir. 2015); *United States v. Ballantyne*, No. CR 19-42-BLG-SPW, 2019 WL 3891252, at *1 (D. Mont. Aug. 19, 2019); *Office of the Attorney General, National Guidelines for Sex Offender Registration & Notification*, **73 Fed. Reg. 38030, 38068** (July 2, 2008) ("The required registration period begins to run upon release from custody for a sex offender sentenced to incarceration for the registration offense, and begins to run at the time of sentencing for a sex offender who receives a nonincarcerative sentence for the offense.").

[4] *See United States v. Red Tomahawk (Tomahawk I)*, No. 1:17-cr-106, 2018 WL 772081, at *5 (D.N.D. Feb. 7, 2018) ("Based on the plain language of the statute and the Attorney General's

2

required Laney to register as a sex offender for only fifteen years, his registration obligations under SORNA expired on June 6, 2020.

The indictments in this case charge Laney with failing to register as a sex offender from June 21, 2020, to October 16, 2020. *See* Docs. 2, 36.[5] Laney moves to dismiss the indictments, arguing that his registration period expired prior to the time the indictments allege he failed to register. Doc. 28. The Government resists. Doc. 41. Laney filed a reply brief. Doc. 45. Because the parties' arguments hinge on whether the categorical approach or circumstance-specific approach applies to determining a defendant's tier under SORNA, an issue of statutory interpretation and thus a legal question, resolution of the issue is appropriate for the court to decide in a motion to dismiss. *See United States v. Price*, 777 F.3d 700, 707 (4th Cir. 2015); *United States v. Marrowbone*, 102 F. Supp. 3d 1101, 1107 (D.S.D. 2015); *see also United States v. Walker*, 931 F.3d 576, 582 (7th Cir. 2019).

## II.     DISCUSSION

The length of time a person must register as a sex offender under SORNA depends on whether they are a tier I offender (15 years), tier II offender (25 years), or tier III offender (life). **34 U.S.C. § 20915(a)**. The defendant's tier also affects the sentencing guidelines range. *See United States v. Lowry*, 595 F.3d 863, 865-66 (8th Cir. 2010).[6]

_____

Final Guidelines, the Court concludes as a matter of law that SORNA itself does not contain a tolling provision."); **73 Fed. Reg. at 38068**.

[5] After Laney filed the motion to dismiss, in which he noted that the original indictment listed the wrong subsection of the Minnesota statute for his prior offense, the Government obtained a superseding indictment listing the correct subsection. *See* Docs. 36-37. Because Laney's dismissal arguments apply with equal force to the superseding indictment (as he notes in his reply brief), I consider Laney's motion as to both indictments.

[6] Some of the cases I cite throughout this opinion analyze the defendant's tier classification—and specifically, whether the categorical or circumstance-specific approach applies—for sentencing purposes. The Government suggests (without analysis) that sentencing cases are distinguishable from the case at hand, which requires determining a defendant's tier for purposes of a motion to

Generally speaking, a defendant is a tier II or tier III offender based on "the comparability of [the] defendant's prior crimes of conviction to certain enumerated [federal] crimes." *Id.* at 866; *see also* **34 U.S.C. § 20911(2)-(4)**. Tier I is a "catch-all provision for convicted sex offenders not otherwise grouped into Tier II or Tier III." *United States v. Mulverhill*, 833 F.3d 925, 929 (8th Cir. 2016) (quoting *United States v. Morales*, 801 F.3d 1, 3 (1st Cir. 2015)).

When a statute requires comparing a defendant's prior conviction to other offenses, "[f]ederal courts generally use one of two analytical approaches." *United States v. Church*, 461 F. Supp. 3d 875, 882 (S.D. Iowa 2020). Under the categorical approach, the court "compares the 'elements' of a prior offense with the elements of the listed offense." *Id.* at 882 (citing *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016)). Under the circumstance-specific approach, on the other hand, the court considers the "particular circumstances in which an offender committed the crime on a particular occasion." *United States v. Hill*, 820 F.3d 1003, 1005 (8th Cir. 2016) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 202 (2013)).

As relevant here, a defendant is a tier III offender if his prior conviction "is comparable to or more severe than . . . abusive sexual contact (as described in [18 U.S.C. § 2244]) against a minor who has not attained the age of 13 years." **34 U.S.C. § 20911(4)(A)(ii)**. One subsection of abusive sexual contact under § 2244 (through reference to § 2241(c)) prohibits "knowingly engag[ing] in a sexual [contact] with another person who has not attained the age of 12 years." **18 U.S.C. § 2244(a)(5)**; **18 U.S.C. § 2241(c)**. Defendant argues that applying the categorical approach, the elements of his prior conviction do not match the elements of abusive sexual contact, specifically with

---

dismiss. But at both stages, the court must analyze the same statutory tier definitions contained in 34 U.S.C. § 20911(2)-(4) to determine whether Congress intended a categorical or circumstance-specific approach. *See* **United States Sentencing Guidelines Manual § 2A3.5 cmt. 1**.

regard to the victim's age. Defendant's prior conviction required proof of sexual contact with another person "under 16 years of age," while the relevant federal offense (subsection (a)(5) of abusive sexual contact) requires proof of sexual contact with another person under 12 years old. The Government responds that a circumstance-specific approach should apply when considering the victim's age—and here, the Defendant's victim was 11 months old, a "match" for the federal offense requiring a victim under age 12.

## A.

The Eighth Circuit has not addressed when the categorical or circumstance-specific approach applies to the tier determinations. *See Mulverhill*, 833 F.3d at 930 (declining to address whether a circumstance-specific or categorical approach applies to the tier classifications). Defendant argues that the Eighth Circuit has suggested that the categorical approach applies to the tier determination, citing *United States v. Hall*, 772 F. App'x 375 (8th Cir. 2019) (per curiam). In *Hall* (a three-paragraph unpublished per curiam decision), the defendant challenged his SORNA tier classification, and the court ordered supplemental briefing on whether the categorical or circumstance-specific approach should apply. *Id.* at 375. The parties "agreed that the categorical approach applied." *Id.* The court held no plain error in classifying the defendant as a tier III offender, noting that even though "it [wa]s not clear that the district court compared the state offense to the federal offense as required," neither was it "clear that [the defendant's] underlying [state] sex offense was less severe than sexual abuse" under federal law (the relevant enumerated tier III offense) "and thus that [the defendant] was improperly classified as a tier III sex offender." *Id.* at 375-75. Although it appears that

5

the Eighth Circuit applied the categorical approach in *Hall*, the parties' agreed that approach applied, and the Eighth Circuit did not have occasion to analyze the issue.

The Eighth Circuit's opinion in *United States v. Lowry*, 595 F.3d 863 (8th Cir. 2010), is likewise noncontrolling. In that case, the defendant argued that the district court erred in sentencing him as a tier III offender because his state sex offense predated SORNA's enactment, and his state-imposed registration requirements were similar to the requirements for tier I offenders. *Id.* at 865-66. Prior to its discussion of the defendant's arguments, the Eighth Circuit noted the definition of tier III offender "speaks in terms of the comparability of a defendant's prior crimes of conviction to certain enumerated crimes," one of which was sexual abuse under federal law. *Id.* at 866. The court further noted (as had the district court) that its "cases have held that performing a sexual act upon a person who is sleeping meets the requirements of" sexual abuse, the enumerated tier III offense. *Id.* The court then went on to reject the defendant's arguments, affirming his sentence as a tier III offender. *Id.* at 866-67. In suggesting the defendant's prior offense was comparable to sexual abuse under federal law, it seems the court applied a circumstance-specific approach, as a sleeping victim was not an element of the state offense. *See* **Ill. Comp. Stat. §§ 5/12-13–5/12-16** (1994). But whether the categorical or circumstance-specific approach applied to the tier determinations was not specifically addressed by the court, nor raised by the defendant. *Lowry* does not dictate the outcome when the issue is properly raised (as here).

### B.

To determine whether the categorical approach or the circumstance-specific approach applies, it is helpful to outline cases in which courts have analyzed the two approaches with regard to other aspects of SORNA. For example, every circuit court to address the issue—including the Eighth Circuit—has held that the circumstance-specific approach applies to determining whether a defendant's prior conviction "involves . . .

6

[a]ny conduct that by its nature is a sex offense against a minor," such that the defendant meets the definition of "sex offender" and must register under SORNA. **34 U.S.C. § 20911(7)(I)**; *Hill*, 820 F.3d at 1005-06;[7] *see also **Privett v. Sec'y, Dep't of Homeland Sec.***, 865 F.3d 375, 382-83 (6th Cir. 2017); ***United States v. Price***, 777 F.3d 700, 707-08 (4th Cir. 2015); ***United States v. Dodge***, 597 F.3d 1347, 1356 (11th Cir. 2010) (en banc); ***United States v. Byun***, 539 F.3d 982, 992 (9th Cir. 2008). These courts have reasoned that the statutory language demonstrates that Congress intended a circumstance-specific approach: the statute "uses the general terms" "involves" and "by its nature," and it "manifestly invites an examination of the specific conduct in which the defendant engaged" by using the word *conduct*. *Hill*, 820 F.3d at 1005; *Dodge*, 597 F.3d at 1355.

One of the other definitions of sex offender invites the opposite approach: a person also meets the definition of a sex offender who must register under SORNA if convicted of "a criminal offense that has an element involving a sexual act or sexual contact with another." **34 U.S.C. § 20911(5)(A)(i)**. By referring to the "elements" of the offense, Congress signaled that courts should apply the categorical approach, considering only the elements of the defendant's offense, as opposed to the underlying facts. *See, e.g.*, ***United States v. Vineyard***, 945 F.3d 1164, 1169-70 (11th Cir. 2019); ***United States v. Faulls***, 821 F.3d 502, 512 (4th Cir. 2016).

Courts have applied the circumstance-specific approach when determining whether the following exception to the definition of "sex offender" applies: "[a]n offense involving consensual sexual conduct is not a sex offense for purposes of [SORNA] if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim." **34 U.S.C. § 20911(5)(C)**; *see **United States v. Rogers***, 804 F.3d 1233, 1234 (7th Cir. 2015); ***United States v. Gonzalez-Medina***, 757

---

[7] The Eighth Circuit recently reaffirmed *Hill*'s holding in *United States v. Burgee*, No. 19-3034, 2021 WL 709567, at *2 (8th Cir. Feb. 24, 2021).

7

F.3d 425, 428-29 (5th Cir. 2014); *United States v. Loomis*, No. CR 2014-0052, 2017 WL 987447, at *6 (D.V.I. Mar. 14, 2017). These courts reasoned that the use of the word "conduct" signaled a circumstance-specific approach: by its terms, the exception required examining "the 'conduct' 'involv[ed]' in the 'offense,'" rather than the elements of the offense. *Gonzalez-Medina*, 757 F.3d at 430. The Seventh Circuit in *Rogers* further noted:

> The word "involving" implies a noncategorical, fact-based inquiry. Second, and even more tellingly, the exception contains a string of fact-based qualifiers: "*if* the victim was an adult," "*unless* the adult *was under* the custodial authority of the offender *at the time* of the offense," "*if the victim was* at least 13 years old and *the offender was not* more than 4 years older than the victim."

804 F.3d at 1234. In addition, the Fifth Circuit in *Gonzalez-Medina* pointed to other sections of the statute, noting the other exception to the definition of sex offense necessarily required a circumstance-specific approach, since it required ensuring foreign convictions comported with due process. 757 F.3d at 430-31.

Now for cases in which courts have analyzed which approach applies to the tier definitions:

> (3) Tier II sex offender
> The term "tier II sex offender" means a sex offender other than a tier III sex offender whose offense is punishable by imprisonment for more than 1 year and--
> > (A) is comparable to or more severe than the following offenses, when committed against a minor . . . :
> > > (i) sex trafficking (as described in [18 U.S.C. § 1591]);
> > > (ii) coercion and enticement (as described in [18 U.S.C. § 2422(b)]);
> > > (iii) transportation with intent to engage in criminal sexual activity (as described in [18 U.S.C. § 2423(a)]);
> > > (iv) abusive sexual contact (as described in [18 U.S.C. § 2244]) . . . .
> (4) Tier III sex offender
> The term "tier III sex offender" means a sex offender whose offense is punishable by imprisonment for more than 1 year and--

8

(A) is comparable to or more severe than the following offenses . . . :

> (i) aggravated sexual abuse or sexual abuse (as described in [18 U.S.C. §§ 2241 and 2242]); or
> (ii) abusive sexual contact (as described in [18 U.S.C. § 2244]) against a minor who has not attained the age of 13 years; [or]

(B) involves kidnapping of a minor (unless committed by a parent or guardian) . . . .

**34 U.S.C. § 20911**.  Circuit courts have held that the categorical approach applies when determining whether a defendant's prior conviction is "comparable to or more severe than" one of the enumerated federal offenses listed in § 20911(3)(A) and § 20911(4)(A).  *See Walker*, 931 F.3d at 580; *United States v. Barcus*, 892 F.3d 228, 231-32 (6th Cir. 2018); *United States v. Young*, 872 F.3d 742, 746 (5th Cir. 2017); *United States v. Berry*, 814 F.3d 192, 197 (4th Cir. 2016); *Morales*, 801 F.3d at 4-6; *United States v. White*, 782 F.3d 1118, 1134-36 (10th Cir. 2015); *United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1133 (9th Cir. 2014).[8]  But they have held that the circumstance-specific approach applies when determining whether an offense was "committed against a minor" for purposes of § 20911(3)(A) or "against a minor who has not attained the age of 13 years" for purposes of § 20911(4)(A)(ii).  *See United States v. Escalante*, 933 F.3d 395, 401-02 (5th Cir. 2019); *Walker*, 931 F.3d at 580 (noting the Supreme Court has recognized "that a single provision might call for a hybrid approach—part categorical and part circumstance-specific (citing *Nijhawan v. Holder*, 557 U.S. 29, 37-38 (2009))); *Berry*, 814 F.3d at 197; *White*, 782 F.3d at 1133; *Byun*, 539 F.3d at 992-93.[9]

---

[8] District courts in the circuits yet to rule on this issue have held the same.  *See United States v. Marrero*, No. 19-cr-608 (ERK), 2020 WL 6637584, at *2 (E.D.N.Y. Nov. 12, 2020); *Church*, 461 F. Supp. 3d at 883; *United States v. Phillips*, No. 8:16-cr-117-T-33MAP, 2016 WL 5338711, at *2-3 (M.D. Fla. Sept. 23, 2016); *Marrowbone*, 102 F. Supp. 3d at 1107-08.

[9] The Tenth Circuit suggested in dicta that the circumstance-specific approach would apply to § 20911(4)(B) "because it does not reference a specific code section, uses the vague term

9

In reaching their holdings, the circuit courts have noted that "[t]he Supreme Court has indicated that a reference to a corresponding section of the criminal code strongly suggests a generic [as opposed to fact-based] intent." *White*, 782 F.3d at 1132-33 (relying on *Nijhawan*, 557 U.S. at 37, in which the Supreme Court noted "a statute that 'lists several of its "offenses" in language that must refer to generic crimes,' including 'sections [that] refer specifically to an "offense described in" a particular section of the Federal Criminal Code,' invokes a categorical approach" (alteration in original)); *see also Walker*, 931 F.3d at 579; *Berry*, 814 F.3d at 197. Thus, the statutory language supports that Congress intended a categorical approach when "compar[ing]" a defendant's prior offense to an offense "as described in" a particular section of federal code.[10]

On the other hand, the use of "committed" rather than "convicted" (in the tier II age qualifier "when committed against a minor") supports that Congress intended the court to examine the particular circumstances involved in the *commission* of the offense (as opposed to the elements of conviction). *See White*, 782 F.3d at 1134; *Byun*, 539 F.3d at 990-91 (noting the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 600 (1990), distinguished a statute referring "to persons who had been 'convicted' of certain crimes," from one referring to persons "who had 'committed' such crimes," and held that the former reflected "Congress's intent that 'the . . . court look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions'" (cleaned up)). In addition, the Fifth Circuit in *Escalante* reasoned that "when committed against a minor" is "conditional language"

---

'involves,' and requires that the kidnapping be of a minor and not be committed by the minor's parent or guardian." *White*, 782 F.3d at 1133 n.15.

[10] The court in *Morales* also found significant the use of the word "offense," but as that term is used in SORNA when signaling both categorical and circumstance-specific based approaches—e.g., in the definition of sex offense and the exception to that definition discussed above—the use of "offense" does not shed light on Congress's intent.

10

modifying the listed offenses, suggesting a circumstance-specific approach to determining whether the "minor" qualifier was met before employing the categorical approach. 933 F.3d at 402, 404.

The statutory language defining a tier III offense as "abusive sexual contact against a minor who has not attained the age of 13 years" also supports a circumstance-specific approach to the age qualifier because no subsection of abusive sexual contact includes an element of a victim age 12 or under. *See* **18 U.S.C. §§ 2241-2244** (only two of six subsections of abusive sexual contact contain elements related to age: § 2244(a)(3) requires a victim at least 12 but not yet 16, and § 2244(a)(5) requires a victim age 11 or under); *see also* **Walker**, 931 F.3d at 580; **Berry**, 814 F.3d at 197; **White**, 782 F.3d at 1133. Thus, to give the age qualifier in § 209114(A)(ii) meaning, the court must take a circumstance-specific approach; otherwise, only one subsection of abusive sexual contact would ever be a categorical match to the age qualifier, and no conviction of abusive sexual contact involving a 12-year-old victim would be a categorical match.[11] **Walker**, 931 F.3d at 580 (citing *Nijhawan*, 557 U.S. at 38, as holding that "when the statute's added textual condition appears in only one of three cross-referenced criminal statutes, reading the condition as part of the generic crime would render the other two cross references 'pointless'"); **White**, 82 F.3d at 1133.

In addition to the statutory language, the circuit courts have also relied on practical considerations and legislative history. Applying the categorical approach "gives the defendant most of the benefits of a plea bargain, strictly confines the need to consult documents from a prior proceeding, and avoids the inequity of relying on allegations of the indictment where the defendant may have had no reason to challenge those

---

[11] There may exist a state offense requiring as an element a victim under 13, which could categorically match the under-13 qualifier as well as one of the subsections of abusive sexual contact, but the fact remains that a person whose victim was 12 years old and who was convicted of abusive sexual contact, the enumerated "comparable" federal offense, would never categorically match the under-13 qualifier.

assertions." *White*, 782 F.3d at 1135 (citing *Taylor*, 495 U.S. at 600-02; ***Descamps v. United States***, 570 U.S. 254, 270 (2013)). It avoids "the possibility of 'minitrials' wherein [the facts of] past convictions are re-litigated." *Berry*, 814 F.3d at 198 (citing ***Moncrieffe***, 569 U.S. at 200-01); *accord* ***Morales***, 801 F.3d at 6. "In contrast, a victim's age is a single fact that is easy to prove and, in an ordinary case, not easily disputed." *White*, 82 F.3d at 1135. The circuit courts have also noted SORNA's legislative history demonstrates "Congress intended to punish defendants who committed sex offenses against children more severely than other sex offenders." *Id.* at 1134; *see also* ***Berry***, 814 F.3d at 198 n.3.

I recommend following the decisions of every circuit court to address this issue and holding that as a general rule, the categorical approach applies when comparing the defendant's prior conviction to the enumerated federal offenses in tier II and tier III.[12] I also recommend holding (in line with every circuit court to address the issue) that a circumstance-specific approach applies to victim age when determining whether an offense was "against a minor" or "against a minor who has not attained the age of 13 years" (the age qualifiers).

## C.

The question remains whether the categorical or circumstance-specific approach should apply when evaluating the victim's age as an element in an enumerated tier II or tier III offense. The Government argues that the court should apply a "modified categorical approach" and "consider a limited class of documents, such as indictments,

---

[12] The Government does not seriously argue otherwise, although it does cite a concurring opinion in *United States v. Montgomery*, 966 F.3d at 335, 339-41 (5th Cir. 2020) (Elrod, J., concurring), in which a panel of the Fifth Circuit questioned continued adherence to the "'byzantine-like' categorical approach" and suggested "'the Supreme Court . . . consider revisiting the categorical approach.'" (quoting **Escalante**, 933 F.3d at 406-07). The *Montgomery* concurrence supports that unless and until the Supreme Court overrules its precedent on the categorical approach, it should apply here.

jury instructions, plea agreements, and plea colloquies," to determine "what elements formed the basis for the Defendant's conviction." Doc. 41 at 9. The Government continues: "[T]he Court should not assume the Defendant committed the most favorable violation of Minnesota Stat. 609.342 1(g) (*i.e.*, proceed as if he had sexual contact with a 15-year old when he was 14 himself)." *Id.*

Under the modified categorical approach, when a defendant was convicted under a statute that "list[s] elements in the alternative, and thereby define[s] multiple crimes," courts may "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2249. The Supreme Court reiterated in *Mathis* that the modified categorical approach "serves solely" to "determine 'which *element[s]* played a part in the defendant's conviction'"; "[i]t is not to be repurposed as a technique for discovering whether a defendant's prior conviction, even though for a too-broad crime, rested on facts . . . that also could have satisfied the elements of [the comparable] offense." *Id.* at 2253-54 (quoting *Descamps*, 570 U.S. at 260, 263-64).

The Government asks the court to employ the modified categorical approach in a manner prohibited by *Descamps* and *Mathis*. The Government does not argue that Laney was convicted of one version of the statute over another; rather, the Government asks the court to consider the underlying facts supporting Laney's conviction. The modified categorical approach does not allow the court to consider facts (such as the victim's age) that did not have to be proved to sustain Defendant's conviction. *See also, e.g.*, *Cabrera-Gutierrez*, 756 F.3d at 1134 (noting that prior circuit caselaw may have supported applying the modified categorical approach in the manner advocated by the government, but *Descamps* foreclosed the argument).

As the parties agree on the elements of Laney's prior Minnesota conviction, the modified categorical approach is inapplicable. The Government's argument is better

13

understood as advocating for a circumstance-specific approach limited solely to determining victim age.

### D.

Laney is a tier III offender if his prior conviction "is comparable to or more severe than . . . abusive sexual contact (as described in [18 U.S.C. § 2244]) against a minor who has not attained the age of 13 years." **34 U.S.C. § 20911(4)(A)(ii)**. Applying the circumstance-specific approach to the under-13 qualifier, Laney's offense was "against a minor who has not attained the age of 13 years," as Laney's victim was less than a year old. The Government argues that the circumstance-specific approach should continue to apply to the victim's age, even when comparing Laney's prior offense to the elements of abusive sexual contact (the enumerated federal offense). Subsection (a)(5) of abusive sexual contact (through reference to 18 U.S.C. § 2241(c)) prohibits knowingly engaging in sexual contact "with another person who has not attained the age of 12 years." **18 U.S.C. §§ 2244(a)(5), 2241(c)**. The Government argues that Laney's prior conviction is a categorical match to subsection (a)(5) of abusive sexual contact, except with respect to the victim's age (a proposition Defendant does not dispute). The Government argues the court should continue to take a fact-based approach to victim age in deciding whether Laney's prior conviction is "comparable" to subsection (a)(5) of abusive sexual contact.

The Government relies on broad language from some of the circuit court opinions addressing the "against a minor" age qualifiers. *See Escalante*, 933 F.3d at 402 ("[I]n alignment with every other circuit to consider the question, we hold that when classifying sex offender tier levels under 34 U.S.C. §§ 20911(2)–(4), the text of SORNA requires a circumstance-specific inquiry into the victim's age to determine whether the victim was, in fact, a minor at the time of the offense."); *Berry*, 814 F.3d at 197 ("Congress intended courts to apply a categorical approach to sex offender tier classifications designated by reference to a specific federal criminal statute, but to employ a circumstance-specific

14

comparison for the limited purpose of determining the victim's age." (quoting *White*, 782 F.3d at 1135)). But the courts in *Escalante*, *Berry*, and *White* did not have occasion to address whether a circumstance-specific approach to the victim's age continues to apply when comparing the elements of the defendant's prior offense to the elements of the enumerated federal offenses (when the categorical approach usually applies). *See Escalante*, 933 F.3d at 402, 405 (the elements of defendant's prior offense required a victim aged fourteen or fifteen, a categorical match to federal offense requiring a victim between ages twelve and sixteen; the defendant's prior offense did not require a four-year age differential between the defendant and the victim, however, unlike the federal offense, and the court held "the text of SORNA does not permit a court, when applying the categorical approach to determine sex offender tier levels, to conduct a circumstance-specific inquiry into an offender-victim age differential"); *Berry*, 814 F.3d at 200 (holding that defendant's prior state-law conviction was not categorical match for enumerated tier III offense because the state law conviction did not require any physical contact, unlike the federal offenses; ruling not dependent on victim age); *White*, 782 F.3d at 1137 (same).[13]

---

[13] *See also* **Montgomery**, 966 F.3d at 338-39 (holding that district court erred in classifying defendant as tier III offender because defendant's prior conviction categorically defined force more broadly than aggravated sexual abuse and sexual abuse under federal law); **Barcus**, 892 F.3d at 233-34 (reversing district court's determination that defendant was tier III offender because prior conviction did "not require that the sexual contact be for arousal or gratification," unlike sexual abuse under federal law, the relevant enumerated tier III offense); **Morales**, 801 F.3d at 2, 4, 7-10 (reversing district court's determination that defendant was tier III offender when the state statute required a victim age 14 or under, and the defendant's victim was in fact 13—so the under-13 qualifier was not met—and elements of defendant's conviction did not require offense conduct such as force or an unconscious victim such that it matched one of the other enumerated tier III offenses; the court did not address whether the defendant could be sentenced as a tier II offender); **Young**, 872 F.3d at 796-97 (affirming defendant's classification as a tier III offender because the sexual touching criminalized by his prior conviction was comparable to the sexual touching criminalized by abusive sexual contact under federal law; the court did not address defendant's argument based on victim age, holding defendant had waived the argument); **United States v. Alexander**, 802 F.3d 1134, 1137-38 (10th Cir. 2015) (affirming

In *Walker*, the Seventh Circuit addressed this precise issue. In that case, the defendant's prior sex-offense conviction under Colorado law required proof of sexual contact with a child under age fifteen. 931 F.3d at 578. Considering the facts of the defendant's prior offense, however, his victim was only four years old. *Id.* The court held, in an opinion written by then-Judge Barrett, that when determining whether a defendant's prior offense was "comparable to . . . abusive sexual contact . . . against a minor who has not attained the age of 13 years" for purposes of tier III, the court "must first consider whether [the prior] conviction is a categorical match to 'abusive sexual contact," and if it is, only "*then* consider the age of the victim to complete the tier-classification determination." *Id.* at 581. In other words, the court held that although the circumstance-specific approach applies to determining whether the defendant's offense was "against a minor who has not attained the age of 13 years," the court does not consider the victim's age when comparing the elements of the defendant's prior offense to the elements of abusive sexual contact (even those involving age). *Id.* at 580-81. Because the Colorado statute criminalized sexual contact with victims aged 12 to 14, the court held it was not a categorical match to subsection (a)(5) of abusive sexual contact, which prohibits sexual contact with a victim age 11 or under. *Id.* at 582. Thus, although the defendant would have been a tier III offender if the victim's age had been taken into account, the court held that the district court erred in failing to dismiss the indictment, as

---

defendant's classification as tier III offender and rejecting defendant's arguments that state conviction categorically defined fear more broadly than sexual abuse under federal law); ***Cabrera-Gutierrez***, 756 F.3d at 1134 (holding that district court erred in classifying defendant as tier III offender because elements of defendant's prior conviction did not require threats, force, or a physically or mentally incapacitated victim, and thus, was categorically broader than sexual abuse under federal law).

the defendant was a tier I offender who was not required to register at the time alleged in the indictment. *Id.*[14]

Only one other circuit court decision depended on victim age and involved a difference in tier when taking the categorical versus circumstance-specific approach. In *Byun*, the defendant was convicted under federal law of smuggling aliens for prostitution, an offense which did not include any element requiring a victim of a certain age. 539 F.3d at 983-84. Factually, however, the defendant's victim was 17 years old, a minor. *Id.* a 984. At sentencing, the district court held that the defendant was a tier II sex offender required to register under SORNA. *Id.* The defendant appealed "the determination that she is a sex offender for purposes of SORNA" to the Ninth Circuit (but not specifically the tier determination). *Id.*; *see also* Appellant Br., *United States v. Byun*, No. 07-10254, 2007 WL 2454817 (9th Cir. July 10, 2007). The Ninth Circuit affirmed. 539 F.3d at 993-94. First, the court held that assuming it could consider the victim's age, the defendant's offense met the definition of being a "specified offense against a minor" (and therefore a sex offense requiring registration) because it involved

---

[14] The defendant's offense in *Walker* included as an element a four-year age differential, prohibiting sexual contact with victims under age fifteen when the defendant was at least four years older. 931 F.3d at 578. One subsection of abusive sexual contact under federal law prohibits sexual contact with victims ages twelve to fifteen when the defendant is at least four years older. *Id.* at 582. The Seventh Circuit held this subsection was not a categorical match to the Colorado statute because the Colorado statute "sweeps more broadly" by "cover[ing] sexual contact against some victims under 12, and [the federal subsection] does not." *Id.*; *see also United States v. Walker*, No. 17-CR-184-pp, 2018 WL 3325909, at *8 (E.D. Wis. July 6, 2018) (adopting report and recommendation's holding, but not its reasoning) (district court held that the defendant's offense was not comparable to this subsection because federal law recognized an affirmative defense based on mistaking the victim's age, while Colorado law recognized no such defense). I would argue that a state offense is "comparable to *or more severe than*" the federal offense when it prohibits the same conduct as the federal offense, against victims the same age *or younger* than the federal offense, unlike the court held in *Walker* (i.e., that the state offense in *Walker* required a victim between ages 0 and 15 seems "comparable to or more severe than" the federal offense requiring a victim between ages 12 and 15). I need not address this issue, however, as Laney's prior conviction did not include a four-year age differential as an element and is therefore not a categorical match to subsection (a)(3) for that reason.

17

"conduct that by its nature is a sex offense against a minor." *Id.* at 990. The court reasoned that the defendant's offense was very similar to several of the enumerated sex offenses, suggesting that it should fall into the catchall provision, and that it "appear[ed] to be a 'tier II' sex offense, . . . support[ing] . . . that it must be a 'sex offense' of some kind." *Id.* at 988. The court noted that the elements of defendant's offense paralleled two enumerated tier II sex trafficking offenses, except that the enumerated tier II offenses required a minor victim. *Id.* at 989. The court then addressed whether it could consider "the underlying fact of the age of [the defendant's] victim," noting that its determination that defendant "'committed a specified offense *against a minor*,' as well as that her offense [wa]s a tier II offense," depended on taking a circumstance-specific approach to victim age. *Id.* at 990. The court analyzed the statutory language—"when committed against a minor" in the tier II definition and "conduct that by its nature is a sex offense against a minor" in the sex offender definition—and held it supported Congress intended a non-categorical approach as to the age of the victim. *Id.* at 991. Thus, although the court did not technically affirm the district court's tier II determination, the court analyzed tier II in its discussion of whether the defendant was required to register as a sex offender, and it strongly suggested that the defendant was a tier II offender, a finding dependent on taking a circumstance-specific approach to victim age when comparing the defendant's offense (which did not include any element related to victim age) to the enumerated tier II sex-trafficking offenses (which both included a minor-victim element).

I find *Byun* less persuasive than *Walker* for several reasons. First, the court in *Byun* analyzed SORNA as a "civil statute creating registration requirements," specifically noting that Sixth Amendment concerns might dictate a different outcome "[w]ere [it] interpreting a criminal statute" (noting such concerns in the sentencing context). *Id.* at 993 n.14. Second, as noted, the defendant did not challenge the district court's tier II determination. Finally, and most importantly, the court in *Byun* did not separately analyze whether a circumstance-specific approach should apply to the tier II minor

18

qualifier ("when committed against a minor") and to comparing the defendant's crime to the enumerated federal offenses, instead lumping the analysis together.

The statutory language in the tier definitions supports employing a categorical approach by instructing the courts to compare the defendant's prior offense to certain enumerated federal offenses (as every circuit court to address the issue as recognized). The age qualifiers do not create an exception to applying the categorical approach; rather, they are an independent addition to meeting the tier II or tier III requirements. Thus, a person is a Tier III offender "only if his prior offense matches [abusive sexual contact] *and* was committed 'against a minor who has not attained the age of 13 years.'" *Walker*, 931 F.3d at 580. And when determining whether the prior offense "matches" abusive sexual contact, the statutory language supports employing the categorical approach—no exceptions, not even for victim age.

I recognize that victim age is generally easy to determine and would not subject the defendant to "mini-trials" under a circumstance-specific approach. I also recognize the Attorney General's SMART Guidelines state that "jurisdictions are not required by SORNA to look beyond the elements of the offense of conviction in determining registration requirements, except with respect to victim age." *Office of the Attorney General*, *National Guidelines for Sex Offender Registration and Notification*, **73 Fed. Reg. 38030, 38031** (July 2, 2008). But the statutory language supports a different interpretation. In addition, courts have declined to follow the SMART Guidelines in other instances—for example, in holding a circumstance-specific approach applies to determining whether an offense involved "conduct that by its nature is a sex offense against a minor." Indeed, the Eighth Circuit in *Hill* rejected owing any deference to the SMART Guidelines when "the statutory provisions at issue are unambiguous regarding the proper method of analysis." 820 F.3d at 1006.

Neither does it matter that a circumstance-specific approach applies to determining victim age for other parts of SORNA (i.e., the age qualifiers). As discussed

above, courts have held that a circumstance-specific approach applies to some parts of SORNA, while a categorical approach applies to other parts of SORNA; a court may have to examine a defendant's underlying offense conduct to determine whether the defendant must register for SORNA, then apply a categorical approach when deciding the defendant's tier. *See Berry*, 814 F.3d at 198-99 (rejecting argument that because in some instances, the factfinder will have already considered the specific circumstances of the defendant's offense, the circumstance-specific approach should apply wholesale).

I recommend following the only circuit court to address this precise issue and holding that when determining the defendant's tier classification, the categorical approach applies when comparing the defendant's prior sex offense to abusive sexual contact and other enumerated federal offenses—including to victim age. *See Walker*, 931 F.3d at 581; *see also **United States v. Livestock***, No. 19-CR-182-GKF, 2020 WL 2044728, at *1-4 (N.D. Okla. Apr. 28, 2020) (following *Walker*).

### E.

Laney's prior sex offense required as an element a victim under 16 years old.[15] Subsection (a)(5) of abusive sexual contact under federal law (the enumerated tier III offense the Government argues is comparable) requires a victim under 12 years old. Thus, the state offense is categorically broader than the federal offense, as it applies to conduct against victims aged 12, 13, 14, and 15, unlike the federal offense. *See Walker*, 931 F.3d at 582 (applying categorical approach and holding that state offense requiring a victim under 15 was not comparable to subsection (a)(5) of abusive sexual contact requiring victim under 12); ***Livestock***, 2020 WL 2044728, at *3-4 (applying categorical

---

[15] The statute prohibits "sexual penetration with another person, or sexual contact with a person under 13 years old." **Minn. Stat. § 609.342** (1998). The parties agree that the court need not decide whether this portion of the statute is divisible and which alternative Laney was convicted of.

approach and holding that state offense requiring victim under 13 was not comparable to subsection (a)(5) of abusive sexual contact requiring victim under 12); *see also* **Morales**, 801 F.3d at 9-10 (holding that state offense prohibiting sexual contact with victims under age 14 was "significantly broader" than "congressionally-designated age of 12" and not categorical match to any enumerated tier III offense).

The Government argues that the categorical approach does not apply as stringently to SORNA as it does in other contexts (such as the Armed Career Criminal Act). The Government cites *Morales*, in which the First Circuit recognized that SORNA's "comparable to" language "may . . . provide . . . some flexibility." 801 F.3d at 7. The Government ignores that the court went on to say that "the question of age is so essential to the framework that the congressional cut-off must be strictly construed." *Id.* at 7-8. The structure of SORNA "implie[s] that th[e] congressional line-drawing [as to age] [i]s critical." *Id.* at 8. Consider the defendant (like here) whose prior offense involved a sexual act or sexual contact with nothing more (e.g., no force, no unconscious victim, etc.). The defendant's tier classification depends on the victim's age:

- If the victim was 11 or under, the defendant is a tier III offender, regardless of the defendant's age at the time of the offense, **34 U.S.C. § 20911(4)(A)(ii); 18 U.S.C. §§ 2244(a)(5), 2241(c)**;

- If the victim was 12, the defendant is a tier III offender only if the defendant was at least 4 years older than the victim at the time of the offense, **34 U.S.C. § 20911(4)(A)(ii); 18 U.S.C. §§ 2244(a)(3), 2243(a)**;

- If the victim was 13, 14, or 15, the defendant is not a tier III offender, and the defendant is a tier II offender only if the defendant was at least 4 years older than the victim at the time of the offense, **34 U.S.C. § 20911(3)(A)(iv); 18 U.S.C. §§ 2244(a)(3), 2243(a)**;

- If the victim is 16 or older, or if the four-year age differentials are not met, the defendant is a tier I offender.

As the court in *Morales* noted, "Congress plainly did not envision placing every offender who violated any statutory rape law under the Tier III umbrella"; but to allow anything other than a "match" as to victim age risks precisely that, blurring Congress's carefully delineated lines and rendering the age distinctions meaningless. 801 F.3d at 8.

The Government also cites to an unpublished Tenth Circuit decision, *United States v. Forster*, 549 F. App'x 757 (10th Cir. 2013). In that case, the defendant's prior state offense prohibited sexual contact with a minor under 13 years old. *Id.* at 768. The defendant argued that the district court erred in sentencing him as a tier III offender, because the "comparable" enumerated tier III federal offense, subsection (a)(5) of abusive sexual contact, prohibited sexual contact with minors under 12 years old. *Id.* at 769. The Tenth Circuit assumed a categorical approach applied and affirmed. *Id.* at 767. The court reasoned:

> To be sure, on its face, the protective sweep of the Ohio statute would appear to be slightly broader, protecting minors under thirteen—instead of just those under twelve—from unlawful sexual contact. However, SORNA's tier regime only demands that the statutes be "comparable," not that they be identical. And, more importantly, SORNA effectively negates this temporal point of distinction because it expressly defines the scope of § 2244's substantive provisions, for purposes of the tier regime, to apply to only "a minor who has not attained the age of 13 years." In other words, viewed through the lens of SORNA, the Ohio statute and § 2244—by cross-reference to § 2241(c)—protect the same age group of minors from unlawful sexual contact.

*Id.* at 769 (citations omitted); *see also United States v. Flint*, No. CR 17-00140-01, 2018 WL 473427, at *4-6 (W.D. La. Jan. 18, 2018) (suggesting agreement with this reasoning, but ultimately granting defendant's motion to dismiss because defendant's prior state offense employed broader definition of sexual contact than federal law).

I disagree with the *Forster* court's statutory interpretation. The under-13 qualifier does not modify the existing age limitations in the enumerated federal offenses; rather, it

is an additional requirement on top of comparability to an enumerated federal offense.[16] In any event, as the state statute here drew the line at under 16, Laney's offense would not be comparable to subsection (a)(5) of abusive sexual contact even under the *Forster* court's approach. Because Laney's prior offense required a victim under age 16, it is not "comparable to or more severe than" subsection (a)(5) of abusive sexual contact under federal law, which requires a victim under age 12 (or age 13 under the *Forster* reasoning).

The Government does not contend that Laney's prior offense is comparable to any other tier II or tier III offenses. Laney's offense did not include a four-year-age differential as an element, and it is therefore not "comparable to or more severe than" subsection (a)(3) of abusive sexual contact, which prohibits sexual contact with a victim at least 12 but not yet 16 when the defendant is at least 4 years older. **18 U.S.C. §§ 2244(a)(3), 2243(a)**; *see also Escalante*, 933 F.3d at 405. Other subsections of abusive sexual contact and sexual abuse (another enumerated tier III offense) require "additional evidence of other conduct or harm (such as threats or force), or some other particularly vulnerable attribute about the victim (such as being unable to comprehend what was happening)." *Morales*, 801 F.3d at 8; *see also* **18 U.S.C. §§ 2241-44**.

I recommend finding that Laney's conviction under Minnesota law for first degree criminal sexual conduct, in violation of Minnesota Statute section 609.342(1)(g), renders him a tier I sex offender. Because he was not required to register under SORNA at the time alleged in the indictment, I recommend granting Laney's motion to dismiss.

---

[16] The court in *Livestock* also noted that *Forster* was decided prior to the Supreme Court's decisions in *Mathis* clarifying the application of the categorical approach. 2020 WL 2044728, at *3-4; *see also* **Barcus**, 892 F.3d at 233 (rejecting argument that "a state statute which is 'slightly broader' than the federal counterpart" may be "comparable" to an enumerated tier III offense, noting "*Mathis* shuts the door on this argument," and circuit court decisions holding otherwise (such as *Forster*) were decided before *Mathis*).

23

### III.    CONCLUSION

I respectfully recommend that the district court **grant** Defendant's motion to dismiss the indictment (Doc. 28).

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections.  A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections.  **LCrR 59**.  Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.  *See* **Fed. R. Crim. P. 59**.  Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.  *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

DATED this 26th day of March, 2021.

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa