# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR20-3053-LTS |
| vs. | |
| SCOTT WAYNE LANEY, | ORDER ON REPORT AND RECOMMENDATION |
| Defendant. | |

This matter is before me on a Report and Recommendation (R&R) in which the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, recommends that I grant defendant's motion (Doc. 28) to dismiss the indictment. The Government has filed objections (Doc. 51) and Laney has filed a response (Doc. 52).

## I.  BACKGROUND

On December 8, 2020, the grand jury returned an indictment (Doc. 2) against Laney alleging one count of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). On January 13, 2021, Laney filed a motion (Doc. 28) to dismiss the indictment. On January 27, 2021, the Government filed a response (Doc. 32) and a superseding indictment (Doc. 36) clarifying the underlying Minnesota statute that allegedly obligated Laney to register as a sex offender pursuant to the Sex Offender Registration and Notification Act (SORNA). Laney then filed a reply (Doc. 45) to the Government's response. Judge Mahoney issued her R&R (Doc. 46) on March 26, 2021. Trial is scheduled for June 7, 2021.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Judge Mahoney began by describing Laney's underlying criminal conviction. He was convicted of first degree criminal sexual conduct in violation of Minnesota Statute section 609.342(1)(g). His offense conduct involved inserting his finger into his 11-month-old daughter's vagina while giving her a bath. Laney pleaded guilty to subsection (g), which criminalized "sexual penetration with another person, or . . . sexual contact with a person under 13 years of age" when "the actor has a significant relationship to the complainant and the complainant was under 16 years of age at the time of the sexual penetration." Minn. Stat. § 609.342(1)(g) (1998). This conviction required Laney to register as a sex offender under SORNA upon his release from prison on June 6, 2005. Doc. 46 at 2. The parties dispute whether Laney is a tier I offender, required to register for 15 years, or a tier III offender, required to register for life. The indictment and superseding indictment allege that Laney failed to register from June 21, 2020, to October 16, 2020. *Id.* at 3 (citing Docs. 2, 36).

Judge Mahoney concluded Laney is a tier I offender. She explained that courts determine whether a defendant is a tier II or tier III offender by comparing the defendant's prior conviction to certain enumerated federal crimes. If the conviction does not fit an enumerated federal crime, it falls under the catch-all provision of tier I. *See id.* at 3-4. In comparing the prior conviction to federal crimes, courts use either the categorical approach or the circumstance-specific approach. The categorical approach requires comparing elements of the prior offense with elements of a listed offense. The circumstance-specific approach requires examining the circumstances of the prior offense. Judge Mahoney explained that defendant would be considered a tier III offender if his prior conviction "is comparable to or more severe than . . . abusive sexual contact (as described in [18 U.S.C. § 2241]) against a minor who has not attained the age of 13 years." *Id.* (quoting 34 U.S.C. § 20911(4)(A)(ii)). Subsection (c) of 18 U.S.C. § 2241 prohibits "knowingly engag[ing] in a sexual [contact] with another person who has not attained the age of 12 years." *Id.* (quoting 18 U.S.C. § 2244(a)(5); 18 U.S.C. §

3

2241(c)).[1] Laney argues that because his prior conviction required proof of sexual contact with another person "under 16 years of age" and the federal statute requires proof of sexual contact with a person under 12 years old, the elements do not match under the categorical approach. The Government argues there is a match under the circumstance-specific approach because the victim was only 11 months old.

Judge Mahoney explained the Eighth Circuit has not determined when to apply the categorical approach or the circumstance-specific approach to tier determinations. *Id.* at 5-6 (noting that neither *United States v. Hall*, 772 F. App'x 375 (8th Cir. 2019), nor *United States v. Lowry*, 595 F.3d 863 (8th Cir. 2010), directly addressed the issue). Judge Mahoney examined cases in which courts considered the two approaches with regard to other aspects of SORNA – such as determining whether a defendant's prior conviction involves conduct that meets the definition of "sex offender" and requires a defendant to register under SORNA. She noted that the definitions identify the applicable approach. For example, under 34 U.S.C. § 20911(7)(I), a "specified offense against a minor"[2] includes "[a]ny conduct that by its nature is a sex offense against a minor." This statutory language (referencing conduct) demonstrates that Congress intended a circumstance-specific approach.

Under 34 U.S.C. § 20911(5)(A)(i), a person meets the definition of a sex offender if convicted of "a criminal offense that has an element involving a sexual act or sexual contact with another." This statutory language (referencing elements) demonstrates Congress intended a categorical approach. *Id.* at 7. Judge Mahoney noted that courts have also applied the circumstance-specific approach when determining whether the exception to the definition of "sex offender" under 34 U.S.C. § 20911(5)(c) applies. The

---

[1] The Government does not contend that Laney's prior offense is comparable to any other tier II or tier III offenses.

[2] A "sex offense" includes "a criminal offense that is a specified offense against a minor." 34 U.S.C. § 20911(5)(ii).

4

exception states: "[a]n offense involving consensual sexual conduct is not a sex offense for purposes of [SORNA] if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim." 34 U.S.C. § 20911(5)(C). Courts have reasoned that the phrase "involving . . . conduct" signals a circumstance-specific approach. *Id.* at 7-8 (citing cases).

With regard to the tier definitions, Judge Mahoney observed that other circuit courts of appeal have held that the categorical approach applies when determining whether a prior conviction is "comparable to or more severe than" one of the enumerated federal offenses listed in sections 20911(3)(A) and 20911(4)(A), but have held that the circumstance-specific approach applies when determining whether an offense was "committed against a minor" for purposes of section 20911(3)(A) or "against a minor who has not attained the age of 13 years" for purposes of section 20911(4)(A)(ii). *Id.* at 9 (citing cases). Judge Mahoney also noted courts have recognized that the Supreme Court has held that when a statute lists several of its "offenses" in language that refers to generic crimes, including sections that refer specifically to an "offense described in" a particular section, this invokes a categorical approach. *Id.* at 10 (citing *United States v. White*, 782 F.3d 1118, 1132-33 (10th Cir. 2015)). However, a statute that uses the term "committed" rather than "convicted" suggests Congress intended a circumstance-specific approach. *Id.* She also noted that the Fifth Circuit has reasoned that the phrase "when committed against a minor" is "conditional language" that modifies the listed offenses and also suggests a circumstance-specific approach in determining whether the "minor" qualifier was met before using the categorical approach. *Id.* at 10-11 (citing *United States v. Escalante*, 933 F.3d 395, 402-04 (5th Cir. 2019)).

Turning to the specific statutory language at issue here, a tier III offense is "comparable to or more severe than the following offenses . . . . abusive sexual contact (as described in [18 U.S.C. § 2244]) against a minor who has not attained the age of 13 years." 34 U.S.C. § 20911. Judge Mahoney found that this language supports a

5

circumstance-specific approach to the age qualifier because no subsection of abusive sexual contact includes an element of a victim age 12 or under. *Id.* at 11 (citing 18 U.S.C. §§ 2241-2244). She reasoned that to give the age qualifier any meaning, the court must use a circumstance-specific approach. Otherwise, "only one subsection of abusive sexual contact would ever be a categorical match to the age qualifier, and no conviction of abusive sexual contact involving a 12-year-old victim would be a categorical match." *Id.* at 11 (citing *United States v. Walker*, 931 F.3d 576, 580 (7th Cir. 2019)).

In addition to the statutory language, Judge Mahoney noted that courts also rely on practical considerations and legislative history. For instance, the Tenth Circuit observed that applying the categorical approach "gives the defendant most of the benefits of a plea bargain, strictly confines the need to consult documents from a prior proceeding, and avoids the inequity of relying on allegations of the indictment where the defendant may have had no reason to challenge those assertions." *Id.* (quoting *White*, 782 F.3d at 1135). In contrast, the Tenth Circuit noted that the victim's age is "a single fact that is easy to prove and, in an ordinary case, [is] not easily disputed." *Id.* at 12 (quoting *White*, 782 F.3d at 1135). Judge Mahoney noted that circuit courts have also recognized that SORNA's legislative history reveals that "Congress intended to punish defendants who committed sex offenses against children more severely than other sex offenders." *Id.* (quoting *White*, 782 F.3d at 1134). She recommends "following the decisions of every circuit court to address this issue and holding that as a general rule, the categorical approach applies when comparing the defendant's prior conviction to the enumerated federal offenses in tier II and tier III." *Id.* She further recommends holding, again in line with every circuit court to address the issue, "that a circumstance-specific approach applies to victim age when determining whether an offense was 'against a minor' or 'against a minor who has not attained the age of 13 years' (the age qualifiers)." *Id.*

Judge Mahoney next considered whether the categorical or circumstance-specific approach should apply when evaluating the victim's age as an element in an enumerated tier II or tier III offense. She first considered a modified categorical approach as

6

advocated by the Government. *Id.* at 12-13. She found the Government's proposal was prohibited by *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). Specifically, she noted the Government was not arguing that Laney was convicted of one version of the statute over another, but that the court should consider the underlying facts supporting Laney's conviction. *Id.* at 13. Judge Mahoney reasoned the modified categorical approach does not allow the court to consider facts (such as the victim's age) that did not have to be proved to sustain a defendant's conviction. *Id.* Because the parties agreed on the elements of the prior conviction, she found the modified categorical approach inapplicable and concluded the Government's argument was better understood as advocating for a circumstance-specific approach limited solely to determining victim age.

Next, Judge Mahoney considered whether Laney could be considered a tier III offender, noting that his prior conviction must be "comparable to or more severe than . . . abusive sexual contact (as described in [18 U.S.C. § 2244]) against a minor who has not attained the age of 13 years." *Id.* at 14 (quoting 34 U.S.C. § 20911(4)(A)(ii)). She applied the circumstance-specific approach to the under-13 qualifier and found that it was met, as Laney's victim was less than a year old. She then considered the Government's argument that the circumstance-specific approach should continue to apply to the victim's age, even when comparing Laney's prior offense to the elements of abusive sexual contact (the enumerated federal offense). Subsection (a)(5) of this offense (through reference to 18 U.S.C. § 2241(c)) prohibits knowingly engaging in sexual contact "with another person who has not attained the age of 12 years." 18 U.S.C. §§ 2244(a)(5), 2241(c). The Government argues that Laney's prior conviction is a categorical match to subsection (a)(5) of abusive sexual contact (except with respect to the victim's age) and argues that the court should continue to take a fact-based approach to victim age in deciding whether the prior conviction is "comparable" to subsection (a)(5). Doc. 46 at 14.

7

Judge Mahoney noted that the circuit court decisions cited by the Government did not address whether a circumstance-specific approach to the victim's age continues to apply when comparing the elements of the defendant's prior offense to the elements of the enumerated federal offenses (when the categorical approach usually applies). *Id.* at 15. However, she noted the Seventh Circuit has addressed this precise issue and determined that the court "must first consider whether [the prior] conviction is a categorical match to 'abusive sexual contact'" and if it is, only "*then* consider the age of the victim to complete the tier-classification determination." *Id.* at 16 (quoting *Walker*, 931 F.3d 581). In *Walker*, there was no categorical match because the predicate offense under Colorado law required, as an element, that the child be "less than fifteen years of age," *see* Colo. Rev. Stat. § 18-3-405(1), while the applicable parts of the federal statutes required the child "has attained the age of 12 years but has not attained the age of 16 years," *see* 18 U.S.C. § 2243(a), or "has not attained the age of 12 years." 18 U.S.C. § 2241(c). *See id* § 2244(a)(2), (3), & (5). The court reasoned that the Colorado statute was broader than § 2243(a) because it covered sexual contact against victims under 12 while § 2243(a) did not. The Colorado statute was also broader than § 2241(c) because it covered some victims between the ages of 12 and 15 while § 2241(c) did not. The court concluded "a conviction under the Colorado statute doesn't necessarily satisfy the elements of either federal offense and so fails the categorical analysis." *Walker*, 931 F.3d at 582. Therefore, age did not factor into the analysis.

Applying *Walker*, Judge Mahoney explained the age qualifiers "do not create an exception to applying the categorical approach; rather they are an independent addition to meeting the tier II or tier III requirements." Doc. 46 at 19. She agreed with *Walker* that a person is a tier III offender "only if his prior offense matches [abusive sexual contact] *and* was committed 'against a minor who has not attained the age of 13 years." *Id.* (quoting *Walker*, 931 F.3d at 580). Judge Mahoney concluded the statutory language supports employing the categorical approach without exception, even for victim age. She recommends following the Seventh Circuit (the only circuit court to address this precise

8

issue) and holding "that when determining the defendant's tier classification, the categorical approach applies when comparing the defendant's prior sex offense to abusive sexual contact and other enumerated federal offenses – including to victim age." *Id.* at 20.

Turning to Laney's prior sex offense, Judge Mahoney noted that Minnesota statute required, as an element, a victim under 16 years old. *See* Minn. Stat. § 609.342(1)(g) (1998). Judge Mahoney compared that offense to 18 U.S.C. § 2244(a)(5), which requires, through reference to § 2241(c), a victim under 12 years old. She reasoned the state offense is categorically broader than the federal offense because, unlike the federal offense, it applies to conduct against victims aged 12, 13, 14 and 15. Doc. 46 at 20 (citing *Walker*, 931 F.3d at 582). Judge Mahoney rejected the Government's arguments that the categorical approach does not apply as stringently to SORNA as it does in other contexts. *Id.* at 21. She also noted the Government did not contend that Laney's prior offense was comparable to any other tier II or tier III offense and no other tier II or tier III offense appears to be applicable. She recommends finding that Laney's conviction for first degree criminal sexual conduct, in violation of Minnesota Statute section 609.342(1)(g), renders him a tier I sex offender. Because he was not required to register under SORNA at the time alleged in the indictment, Judge Mahoney recommends that his motion to dismiss the indictment be granted. *Id.* at 23.

## IV. ANALYSIS

The Government objects to the R&R arguing that the circumstance-specific approach should be applied to the age element (rather than being treated as an additional requirement after a categorical analysis of the age element). Doc. 51 at 8. Specifically, the Government cites to the following language found in *White*:

- "the language of [SORNA] subsection [(4)(A)(ii)] suggests Congress intended courts to look to the actual age of the defendant's victim, but to *otherwise* employ a generic approach to the section of the criminal code listed." *White*, 782 F.3d

9

at 1133 (emphasis added).

- "[e]xamination of the language used to define a tier II sex offender also suggests that Congress intended courts to use a categorical approach to determine the sex offender tier, with the *exception* that the court should consider the specific circumstances to determine the victim's age." *Id.* (emphasis added).

- "subsection 3(A) evidences an intent to apply a categorical approach for purposes of comparing the defendant's prior sex offense with the listed section of the criminal code, *combined with* a circumstance-specific approach with respect to the victim's age." *Id.* at 1134 (emphasis added) (citing *Nijhawan v. Holder*, 557 U.S. 29, 37-38 (2009)).

- "even when the tier classifications refer to generic crimes that invoke a categorical approach, Congress intended the courts to *also* consider the actual age of the victim by looking to the specific circumstances of the defendant's crime." *Id.* at 1134-35 (emphasis added) (citing *United States v. Byun*, 539 F.3d 982, 992-93 (9th Cir. 2008)).

The Government argues that language such as "otherwise," "except" and "exception" supports a circumstance-specific approach to the age element rather than treating age as an additional requirement after a categorical analysis of the age element. Doc. 51 at 8. The Government contends that *Byun*, *White*, and *Berry*[3] are collectively more persuasive than *Walker*.

Judge Mahoney addressed *Byun*.[4] In that case, the defendant was convicted under federal law of smuggling aliens for prostitution. 539 F.3d at 983-84. The victim was 17 years old but the offense did not include an element requiring a victim of a certain age. *Id.* at 984. The sentencing court determined that defendant was a tier II sex offender.

---

[3] *United States v. Berry*, 814 F.3d 192, 197 (4th Cir. 2016).

[4] Out these cases, *Byun* is the most applicable. *White* and *Berry* involved statutes that were not categorical matches based on elements other than age. *See White*, 782 F.3d at 1137 (noting that federal crimes each required physical contact as an element while state crime did not); *Berry*, 814 F.3d at 200 (same).

Judge Mahoney noted the defendant appealed the determination that she was a sex offender for purposes of SORNA but did not challenge the tier determination. Doc. 46 at 17. Nonetheless, the Ninth Circuit considered the tier determination, observing that elements of tier II offenses were similar to the defendant's crime with the exception of the requirement that the victim be a minor. *Byun*, 539 F.3d at 989. The court also concluded that the defendant's offense met the definition of being a "specified offense against a minor." *Id*. at 990. It acknowledged that its determination that defendant "'committed a specified offense *against a minor*' as well as that her offense is a tier II sex offense" "depend[ed] on an examination of the underlying facts of Byun's crime, which reveal[ed] that one of Byun's victims was only 17 years old." *Id*. The court found that the statutory language pointed strongly toward utilizing a non-categorical approach for victim age. *Id*. at 991 (an individual is a tier II sex offender when his or her crime is "comparable to or more severe than" a violation of § 2423(a) "*when committed against a minor*") (emphasis in original). The court found the statutory language was more ambiguous regarding whether to apply the categorical approach to all elements of a "specified offense against a minor" but reasoned that the "close connection between 'specified offense[s] against a minor' and tier II offenses, as well as the history of the statute" supported application of the non-categorical approach to victim age. *Id*.

Judge Mahoney found *Byun* less persuasive than *Walker* for the following reasons:

First, the court in *Byun* analyzed SORNA as a "civil statute creating registration requirements," specifically noting that Sixth Amendment concerns might dictate a different outcome "[w]ere [it] interpreting a criminal statute" (noting such concerns in the sentencing context). [*Byun*, 539 F.3d at] 993 n.14. Second, as noted, the defendant did not challenge the district court's tier II determination. Finally, and most importantly, the court in *Byun* did not separately analyze whether a circumstance-specific approach should apply to the tier II minor qualifier ("when committed against a minor") and to comparing the defendant's crime to the enumerated federal offenses, instead lumping the analysis together.

11

Doc. 46 at 18-19. This third reason is what the *Walker* court referred to as a "double dip:"

> The government argues that a circumstance-specific inquiry into victim age resolves this case because knowing the actual ages of Walker's victims (four and six) not only satisfies SORNA's Tier III victim-age requirement, but also places his offense within the scope of "abusive sexual contact (as described in section 2244 of title 18)." *See* 34 U.S.C. § 20911(4)(A)(ii); *see also* 18 U.S.C. § 2244(a)(5) (sexual contact with a person who has not attained the age of 12 years constitutes abusive sexual contact). In other words, the government wants to double dip: it asks us to apply SORNA's age requirement as both an independent addition to the categorical analysis and an exception within the categorical analysis, thereby collapsing the two-part inquiry outlined above.

*Walker*, 931 F.3d at 581. This is precisely what the Government requests here. *See* Doc. 32 at 11 ("Clearly, a sexual assault against an 11-month-old is more severe than one against a 13-year-old."). I agree with Judge Mahoney that *Walker* is more on point than *Byun, Berry* and *White* and is more persuasive based on the issues in this case. As such, I will consider whether the Minnesota statute is "comparable to or more severe than" . . . "abusive sexual contact (as described in [18 U.S.C. § 2244]) against a minor who has not attained the age of 13 years," 34 U.S.C. § 20911(4)(A)(ii), using the categorical approach for all elements, including victim age. *See Walker*, 931 F.3d at 581.

As Judge Mahoney explained, the categorical approach requires comparing the elements of a prior offense with the elements of the listed offense. *See Mathis*, 136 S. Ct. at 2248. The facts or circumstances of the crime are immaterial under the categorical approach. *Id.* To apply the categorical approach, I must compare the elements of Laney's Minnesota conviction to those of abusive sexual contact (as described in 18 U.S.C. § 2244). A state crime is not a categorical match if its elements are broader than those of a listed generic offense. *See Mathis*, 136 S. Ct. at 2251. Abusive sexual contact under 18 U.S.C. § 2244(a)(5) requires a person to "knowingly engage in or cause sexual contact with or by another person, if to do so would violate – subsection (c) of section

12

2241 of this title, had the sexual contact been a sexual act." The relevant part of section 2241(c) makes it a crime to "knowingly engage[] in a sexual act with another person who has not attained the age of 12 years." Laney's Minnesota conviction required the following elements: (1) sexual penetration or contact, (2) with an individual under 16 years for penetration or 13 years for contact (3) with whom the defendant has a significant relationship.

I agree with Judge Mahoney that the Minnesota statute is categorically broader than the federal statute and is therefore not comparable to or more severe than abusive sexual contact, as described in 18 U.S.C. § 2244. Subdivision 1(g) of the Minnesota statute extends to individuals under 16 years old (for sexual penetration) and under 13 years old (for sexual contact), while the federal statute requires, as an element, that the person be under 12 years old. 18 U.S.C. § 2241(c). As noted above, the Government does not contend that Laney's prior offense is comparable to any other tier II or tier III offense and I agree with Judge Mahoney that it does not, in fact, appear to be comparable to any other offense listed under those tiers.

Because the Minnesota statute is not comparable to or more severe than abusive sexual contact under 18 U.S.C. § 2244, *see* 34 § 20911(4)(A)(ii), Laney is properly classified as a tier I sex offender under SORNA and was required to register for 15 years beginning June 6, 2005. *See* 34 U.S.C. § 20915(a)(1). This registration requirement therefore expired before the time period alleged in both the indictment (Doc. 2) and the superseding indictment (Doc. 36), which is June 21, 2020 to October 16, 2020. As such, Laney is entitled to dismissal of the indictment and superseding indictment.

## V. CONCLUSION

For the reasons stated herein:

1. The Government's objections (Doc. 51) to the R&R (Doc. 46) are **overruled**;

13

2. I accept the R&R (Doc. 46) without modification, *see* 28 U.S.C. § 636(b)(1);

3. Pursuant to Judge Mahoney's recommendation, Laney's motion (Doc. 28) to dismiss the indictment is **granted**.

**IT IS SO ORDERED.**

**DATED** this 6th day of May, 2021.

_____
Leonard T. Strand, Chief Judge